83,695-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 04 2015

Abel Acosta, Clerk

CAUSE NO.

NICHOLAS G. HEINTZ

Vs.

STATE OF TEXAS

IN THE TEXAS COURT

OF CRIMINAL APPEALS

EMERGENCY APPLICATION

FOR EXTRAORDINARY WRIT

OF HABEAS CORPUS

This document contains some
pages that are of poor quality
at the time of imaging.

COMES NOW, Nicholas G. Heintz, the Applicant in the above-captioned
cause, who, without assistance of counsel, respectfully moves the Court of
Criminal Appeals, pursuant to Tex. Code of Crim. Proc., Chap. 11, Art. 11.05.,
to invoke original jurisdiction over this Emergency Application for Ex-
traordinary Writ of Habeas Corpus.

Applicant initially filed his Habeas Application with the 7th Judicial
District Court, Cause No. 15-0959-A, on 6 May 2015. However, to date (82
days hence), there has been no hearing (there was a hearing set for 12 June
2015 and vacated that same date because the District Court was of the opin-
ion it lacked jurisdiction to hear the claims raised in the Application).
See. provided copies of initial Application and motions for hearing, with
attached Exhibits.

A review of the initial Application with the 7th District Court of

Smith County will reveal several cognizable claims. Here in the instant Application before this Honorable Court, Applicant seeks relief from the two (2) most compelling claims:

1) Immediate release from the almost 300-day illegal restraint in his liberty by Smith County Authorities for an ongoing, trial court sanctioned, prosecution of an unindicted criminal accusation that is statute of limitations barred.

2) Immediate reversal of the Unconstitutional (presumption of innocence violation) and unlawful (contrary to state statute) registration of Applicant as a sex offender by Smith County Authorities, commencing on 14 October 2014, in current effect, and set to remain in force throughout the remainder of Applicant's life.

Applicant is in poor health, no longer able to maintain employment which generates sufficient income to support his family with and pay community supervision fees along with bail bond installments.

WHEREFORE, Applicant prays this Court will forthwith grant the relief he seeks, the justice he is deserving of and entitled to.

DATED this 28th day of July, 2015.

_____
Applicant

2

Nicholas G. Heintz, Applicant
Without Assistance of Counsel
22544 Hickory Lane
Mineola, Texas 75773
(903) 638-4383

## AFFIDAVIT

I, Nicholas G. Heintz, being first duly sworn, depose and state as follows: "I have read the foregoing Emergency Application for Extraordinary Writ of Habeas Corpus and swear that the allegations of fact contained therein are true and correct, according to my belief".

DATED this 28th day of July, 2015.

SUBSCRIBED AND SWORN TO before me this 28th day of July, 2015, by Nicholas G. Heintz.

KARA BARRETT
Notary Public, State of Texas
My Commission Expires
February 10, 2018

NOTARY PUBLIC

## CERTIFICATE OF SERVICE

On this 28th day of July, 2015, the undersigned caused to be mailed via the U. S. Postal Service a true and correct copy of the foregoing Emergency Application for Extraordinary Writ of Habeas Corpus Mr. Ken Paxton, Texas Attorney General, Office of Attorney General, Post Office Box 12548, Austin, Texas 78711-2458.

3

FILED
LOIS ROGERS
DISTRICT CLERK

2015 JUL 21 AM 11: 36

SMITH COUNTY, TEXAS
BY _____
DEPUTY

CAUSE NO. 15-0959-A

NICHOLAS G. HEINTZ      *      IN THE 7th JUDICIAL

     *

Vs.      *      DISTRICT COURT OF

     *

STATE OF TEXAS      *      SMITH COUNTY, TEXAS

## RENEWED MOTION

## FOR HEARING

COMES NOW, Nicholas G. Heintz (hereinafter "Mr. Heintz"), the

Applicant in the above-captioned cause, who filed his pretrial Application

For Extraordinary Writ of Habeas Corpus with this Honorable Court on

6 May 2015 (75 days ago). Wherein, Mr. Heintz seeks his immediate release

from the unlawful restraint in his liberty, due to the cognizable issues

raised of limitations-barred prosecution for the charged accusation of

failure to register as a sex offender and of illegal current Texas sex

offender registration requirement. He seeks additional cognizable relief

from a violation of his Constitutionally protected Right to a presumption

of innocence.

Ex parte Smith, 185 S.W. 3d 887, 892 (Tex. Crim. App. 2006):

Our decision in Ex parte Weise succinctly summarizes our case-law
on the types of claims that are cognizable in a pretrial
writ of habeas corpus. See Ex parte Weise, 55 S.W. 3d 617,
619--20 (Tex. Cr. App. 2001). Weise can be read to support
the general principle that a claim is cognizable in a pretrial

writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appllant's immediate release. See Weise, 55 S.W. 3d at 619. [11]

## HEARING SET AND VACATED

A hearing on the Application was set for 12 June 2015. See. 12 May 2015 "ORDER SETTING HEARING", attached hereto as Exhibit "A".

On the appointed date and time, Mr. Heintz was present in the courtroom, prepared to proceed. The Court, however, vacated the hearing. Because it felt further research was required to conclude jurisdiction of District Court appropriate to hear and determine pretrial claims Mr. Heintz raises in his Habeas Application.

## JURISDICTIONAL AUTHORITY

Review 15 June 2015 "MOTION FOR HEARING", with supporting authority referenced therein, filed by Mr. Heintz with the Court on the same date.

See. Dodson v. State, 988 S.W. 2d 833, 835 (Tex. App.--San Antonio 1999, no pet.): "The courts of appeals have no original habeas corpus jurisdiction in criminal matters; their jurisdiction is appellate only". See also Ex parte Hawkins, 885 S.W. 2d 586, 588 (Tex. App.--El Paso 1994, no pet.):

> ... this Court does not have original habeas corpus jurisdiction
> in criminal law matters. See Ex parte Lewis, 663 S.W. 2d 153,

154 (Tex. App.--Amarillo 1983, orig. proceeding). That jurisdiction rests instead with the Court of Criminal Appeals, the Distict Courts (emphasis added), the County Courts, or any judge of said Courts. Tex. Code Crim. Proc. Ann. art. 11.05 (Vernon 1977); see Tex. Const. art. V, Secs. 5, 8, 16; Tex. Gov't Code Ann. Secs. 25.0003, 26.047 (Vernon 1988).

## COGNIZABLE CLAIMS

The registration requirement for the "reportable conviction" from Utah that the State is relying upon in its' prosecution of Mr. Heintz for having failed to register expired on 23 November 2009. See. Exhibit "M" of Application; "expiration of prison sentence for his 1983 conviction court case #831916801 on 11/23/1999 with a ten year registration requirement to 11/23/2009" (emphasis added).

Utah Code Ann. 77-27-21.5, "All persons having a duty to register shall, register for the duration of sentence and for ten years after termination of sentence..." (emphasis added). "The duty to register for an extrajurisdictional registrant expires on the date the person's duty to register would expire under the laws of the other state..." Tex. Code of Crim. Proc., Art. 62.052 (b). (emphasis added).

State's "prosecution is barred by the statute of limitations". Ex parte Smith, at 890. Furthermore, "...if a liberty interest is created by a statute, due process concerning that liberty interest requires notice and a meaningful opportunity to be heard.

3

LaChance v. Erickson, 522 U.S. 262, 266, 118 S. Ct. 753, 139 L. Ed. 2d 695 (1998); Ex parte Geiken, 28 S.W. 3d 553, 560 (Tex. Crim. App. 2000). Ex parte Werne, 118 S.W. 3d 833, 836 n. 1 (Tex. App.--Texarkana 2003, no pet.).

" One accused of a crime is entitled to have his guilt or innocence determined solely (emphasis added) on the basis of the evidence introduced at trial. " Taylor v. Kentucky, 436 U.S. 478, 98 S. Ct. 1930, 56 L. Ed 2d 468, 1978. For Smith County Sheriff's Office to register Mr. Heintz as a sex offender in Texas without indictment, without trial and without a conviction is a flagrant violation of this fundamental Constitutional Right.

## MALICIOUS PROSECUTION

Notwithstanding the State's sworn duty to "see that justice is done", Tex. Code Crim. Proc. Art. 2.01, it (the State) has knowingly allowed Mr. Heintz to languish, unlawfully restrained in his liberty, for 291 days, without indictment; knowing that any prosecution of Mr. Heintz is barred by the statute of limitations.

## CONTRIVED OFFENSE

Ironically, the "reportable conviction" from the State of Utah is for an "offense" that did not actually occur. It is solely a product of vengeful contrivance. See. supporting documentation, attached hereto as Exhibit "B".

4

WHEREFORE, Mr. Heintz respectfully requests that a hearing in this matter be set.

DATED this 21st day of July, 2015.

_____
Applicant

Nicholas G. Heintz, Applicant
Without Assistance of Counsel
22544 Hickory Lane
Mineola, Texas 75773
(903) 638-4383

## AFFIDAVIT

I, Nicholas G. Heintz, being first duly sworn, depose and state as follows: "I have read the foregoing Renewed Motion For Hearing and swear that the allegations of fact contained therein are true and correct, according to my belief."

DATED this 21st day of July, 2015.

_____

SUBSCRIBED AND SWORN TO before me this 21 day of July, 2015, by
Nicholas G. Heintz.

SHARA L. DEROSIER
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 05-18-2017

_____
NOTARY PUBLIC

## CERTIFICATE OF SERVICE

On this 21st day of July, 2015, the undersigned hand-delivered a true and correct copy of the foregoing Renewed Motion For Hearing to Mr. D. Matt Bingham, Smith County District Attorney, 100 North Broadway Ave., 4th Floor, Smith County Courthouse, Tyler, Texas 75702.

_____

5.

Exhibit "A"

CAUSE NO. 15-0959-A

| STATE OF TEXAS | § | IN THE 7TH JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| NICHOLAS G. HEITZ | § | SMITH COUNTY, TEXAS |

## ORDER SETTING HEARING

IT IS ORDERED that the above-styled and numbered cases are SET for hearing on:

☑ **Application for Extraordinary Writ of Habeas Corpus in Heitz**

for **Friday, June 12, 2015** at **11:15 o'clock a.m.** in the 7th Judicial District Courtroom located on

the second floor of the Smith County Courthouse in Tyler, Texas.

IT IS SO ORDERED.

SIGNED this __12th__ day of May, 2015.



_____
HONORABLE KERRY L. RUSSELL
Judge Presiding

cc: State

Nicholas Heitz
22544 Hickory Lane
Mineola, TX 75773



Exhibit "B"

**I REED PAYNE  PHD**
Licensed Clinical Psychologist
288 Comprehensive Clinic
Brigham Young University
Provo, Utah  378-6479

June 11, 1993

Board of Pardons
448 East 6400 South
Suite 300
Murray, UT  84107

Dear Board of Pardons:

As you may know, I was called on by the State some time ago to do a psychological evaluation of Nicholas Vaughn Banner in conjunction with a charge of escape from the Richfield Jail where he was incarcerated as part of a prison sentence.  I had spent an inordinate amount of time with Mr. Banner and his case.  Later it was necessary for me to travel from California back to Utah from an academic sabbatical in order to testify in Mr. Banner's case.  Subsequently he was found not guilty of the jail escape, in part, due to Post-traumatic Stress Disorder as a consequence of severe beatings in prison on two different occasions resulting in surgery and severe injury.  Other incidents of harassment have aggravated and prolonged Mr. Banner's recovery.  I understand that Mr. Banner made on appearance before the Board on December 30, 1992 where the Board determined to grant a release on December 14, 1993 with the stipulation that he, Mr. Banner, enter and complete the sex offenders program at the Bonneville half-way house.  This, however, presented a problem which I would like to address in a helpful way if possible.

From the outset of his 9½ year incarceration he has steadfastly professed his innocence of the offense charged and convicted.  Under these circumstances, the half-way house director has recently acknowledged that Mr. Banner will not be accepted into the sex offender program and wanted to refer the matter back to the Board for a hearing.  It has also been suggested by his caseworker that a Special Attention Request be submitted to the Board asking that the halfway house sex offender program requirement be dropped from the conditions of parole.  Mr. Banner concurs with this later approach.  This letter constitutes an endorsement of the suggestion that such a requirement be deleted from conditions of release and parole.

The basis for this endorsement might include many points but I will highlight the ones most relevant.  There is grave doubt in my mind that Mr. Banner is a pedophile.  I have gone over his records carefully and in concert with his own testimony, with testing, and with all information available it is extremely doubtful that this man is a pedophile.  Another point

that is worthy of consideration is his professed innocence. While I know that this is not an adequate or even meaningful reason in most cases to apply with any consideration, I urge the Board to consider the possible miscarriage of justice. There is an exceptionally good possibility that his case includes a female friend who felt she was spurned by Mr. Banner and provided a fabrication of the charges. Subsequent evidence from outside the prison as well as extensive detail of his accounts cast more than a reasonable doubt on the charge under which he is currently incarcerated. More than that, this examiner is convinced that Mr. Banner not only states his innocence but is firmly convinced of his innocence. Therefore, the only way for him to maintain any integrity is to go with the truth. Otherwise he would have to violate his own sense of right and wrong to conform to the request of the Board. Let me hasten to acknowledge that in almost all cases we are dealing with denial when such protests are registered, but in this case I strongly urge the Board to consider the possibility of an exception. In any event, it would be both unwise and unprofitable for Mr. Banner to be forced into a treatment program where both he and others would deem the process inappropriate.

It would also seem that his period of incarceration for almost 10 years is an exceptionally long period of time and unusual. This coupled with the severe beatings and harassment and isolation in Mr. Banner's case seems to be very unfair and excessive as far as punishment is concerned.

Finally, I would like to state that Mr. Banner does not strike me as being of danger to himself or others. There is evidence of psychological stability and strength of character such that a reasonably favorable prediction might be made regarding his parole. The one negative factor is, of course, his long period of incarceration. In my investigation of Mr. Banner's history, psychological functioning, problems and progress over time I have found his reporting, his copious note taking, details provided and information to be extremely accurate. He seems to have a high regard for the truth in spite of obvious disagreement by others who have been determined to work against his interests. Mr. Banner has excellent potential. My concern is that he underestimates himself. Considering the length of time he has been away from society it might be helpful to move him rather quickly into a halfway house situation so that any adjustment problems might be ameliorated within a structured situation and Mr. Banner can be given the benefit of the correctional system in integrating himself back into the community.

If I can be of any further help in this case please feel free to contact me. My address and phone number are on the letterhead.

Sincerely,

I. Reed Payne, Ph.D.
Clinical Psychologist

cc:    Sylvia Colton, Attorney at Law
       Nicholas V. Banner, #17049

# AFFIDAVIT OF NEAL K. OSTLER

STATE OF UTAH     )
                       )ss.
COUNTY OF SALT LAKE )

COMES NOW    Neal K. Ostler upon his oath deposes and states as follows:

1. That during the summer months of 1988, I was employed by the Utah State Department of Corrections as a substance abuse counselor, assigned to the Uinta Facility at the Utah State Prison in Draper were I met and became acquainted with inmate Nicholas V. Banner and his case.

2. At first I believed Mr. Nicholas Banner to be just another whining, innocent professing, maladjusted inmate. However, as the weeks progressed and I learned more about the events and circumstances surrounding the alleged offense against Mr. Banner, I began to perceive him otherwise.

3. Upon discovery of the names of the parties involved in the alleged incident, the shock of recognition actually took my breath away and I needed to sit down in order to retain my composure. I was totally convinced of Mr. Banner's innocence.

4. That prior to my employment with the prison I was a Salt Lake County Sheriff's Deputy for over 15 years. While I was a Salt Lake County Sheriff Deputy I witnessed a full complement of unethical and unlawful behavior on the part of a number of "old school" police officers. I witnessed fabricated evidence, collusion of testimony, and both initiated and unnecessary physical confrontation (abuse).

5. It was with this knowledge that the case against Mr. Banner became an apparent case of conspiracy and duplicity on the part of the alleged victim's grandfather, Ron Cranfill, a ranking Sheriff's Officer, with whom I had numerous experience.

6. I myself had a personal conflict with this man over a mutual friendship that had developed between his adult daughter, Susan Cranfill, (Mr. Banner's girlfriend, and the complainant in his criminal prosecution) and myself. Subsequent to Ms. Cranfill father's warning that I stay away from Ms. Cranfill, I underwent 2 years of continual battering and harassment from Lieutenant Cranfill, who was then my Division Commander. Mr. Cranfill made a personal vendetta out of trying to get me fired from the Sheriff's Office, which did not cease until Mr. Cranfill ultimately retired in frustration.

7. Owing to my longstanding employment record as a respectable law enforcement officer, I managed to emerge from Lt. Cranfill's spiteful attempts to sabotage my career, without having received even a single day's suspension. Whereas, the average citizen such as Mr. Banner, who happened to incur the wrath of Lt. Cranfill, over having jilted his daughter Susan, could expect to be set up on contrived criminal charges as a result.

8. Moreover, Mr. BAnner could expect to receive harsh treatment within the penal system from fellow officers of the "good ole boy" fraternity, of which Mr. Cranfill was a leading member.

9. I conclude that Mr. Banner is innocent based on a personal knowledge of Mr. Cranfill's vindictive, ruthless, unrelenting manner. I base this on a review of the record in the

matter which contains nothing more than a unsubstantiated allegation.

10. This inmate's claims of wrongful conviction, and his belief that the assaults he has been a victim of during his incarceration and that the ongoing threats against him may be attributed to Mr. Cranfill and his influence, should be afforded probable credence.

DATED this 22nd day of December, 1991.

_____
Neal K. Ostler

SUBSCRIBED AND SWORN to before me this 22 day of December, 1991.

DEBRA R PEARSON
Notary Public
STATE OF UTAH
My Comm. Exp. Dec. 13, 1992
5458 Zion Circle, Benson, UT 84713

_____
Notary Public

My Commission Expires:
Residing At 5458 Zion Cir. Benson, Ut

Dec. 13, 1992

CAUSE NO. 15-0959-A

NICHOLAS G. HEINTZ &ast;&ast;&ast; IN THE 7TH JUDICIAL

Vs. &ast;&ast; DISTRICT COURT OF

STATE OF TEXAS &ast; SMITH COUNTY, TEXAS

## ORDER TO DISMISS

On this ____ day of _____, 2015, came to be heard Applicant's Application for Extraordinary Writ of Habeas Corpus to Dismiss the Criminal Accusation charged against him; to restore his Liberty, Unrestrained, and it appears to the Court said relief should be GRANTED.

IT IS THEREFORE ORDERED that the charge of Fail to Comply with Sex Offender Registration Life/Annually be dismissed, with prejudice.

IT IS THEREFORE ORDERED that the Applicant, Nicholas G. Heintz, is not required to register as a sex offender in Texas.

_____
HONORABLE KERRY L. RUSSELL
Judge Presiding

CAUSE NO. 15-0959-A

NICHOLAS G. HEINTZ                    *          IN THE 7TH JUDICIAL
                                      *
                                      *
Vs.                                   *          DISTRICT COURT OF
                                      *
                                      *
STATE OF TEXAS                        *          SMITH COUNTY, TEXAS

ORDER SETTING HEARING

IT IS ORDERED that the above-styled and numbered case is SET for hearing

on: Application for Extraordinary Writ of Habeas Corpus in Heintz

for _____ in the 7th Judicial

District Courtroom located on the second floor of the Smith County Court-

house in Tyler, Texas.

IT IS SO ORDERED.

SIGNED this_____day of_____, 2015.


                                      _____
                                      HONORABLE KERRY L. RUSSELL
                                      Judge Presiding


cc:  State

     Nicholas G. Heintz
     22544 Hickory Lane
     Mineola, TX  75773

28 July 2015

Dear Court Clerk,

Would you please File with the Court the enclosed Emergency Application for Extraordinary Writ of Habeas Corpus along with the supporting documents.

Thank you,

Sincerely,

Nicholas J. Heinz

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 04 2015
Abel Acosta, Clerk

CAUSE NO. 15-0959-A

FILED
LOIS ROGERS
DISTRICT CLERK

2015 JUN 15 AM 9: 27

BY_____
DEPUTY

NICHOLAS G. HEINTZ,         *      IN THE 7th JUDICIAL TEXAS
                           *
Applicant,                 *
                           *
                           *      DISTRICT COURT OF
Vs.                        *
                           *      SMITH COUNTY, TEXAS
STATE OF TEXAS,            *
                           *
Respondent.                *


MOTION FOR HEARING


COMES NOW, Nicholas G. Heintz (hereinafter "Mr. Heintz"), the

Applicant in the above-captioned cause, who respectfully moves the Court

to schedule a hearing on the application. Pursuant to Texas Code of

Criminal Procedure, Title 1, Chapter 11, Art. 11.11, "The time so

appointed shall be the earliest day which the judge can devote to hearing

the cause of the applicant."

Art. 11.05. BY WHOM WRIT MAY BE GRANTED.

> The Court of Criminal Appeals, the District Courts
> (emphasis added), the County Courts, or any Judge
> of said Courts, have power to issue the writ of
> habeas corpus; and it is their duty, upon proper
> motion, to grant the writ under the rules prescribed
> by law.

A significant number of pretrial writ of habeas corpus applications,

addressing various grounds, are filed with and heard by trial courts.

For example. <u>See</u>. attached Opinions in Edward Jerome Green, Appellant v. The State of Texas, Court of Appeals of Texas, Fort Worth, No. 2-98-553-CR, decided: July 22, 1999; and Ex parte Cory Howard, Court of Appeals of Texas, San Antonio, No. 04-05-00157-CR, decided: November 23, 2005.

In <u>Howard</u> the Appellate Court articulated that "A writ of habeas corpus is an extraordinary writ. Ex parte Weise, 55 S.W. 3d 616, 619 (Tex. Crim. App. 2001). ' Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal.' Id. Further, an applicant must be illegally restrained to be entitled to habeas corpus relief."

Referring back to Title 1, Chapter 11 of the Texas Code of Criminal Procedure, under Art. 11.65 (c) " for the purposes of this chapter, an applicant released on bond under this article remains restrained in his liberty."

Mr. Heintz is " illegally restrained " in that: 1) the unindicted Smith County charge (Ex. A of Application) lodged against him (failure to comply with sex offender registration) is hinged upon a Utah conviction with a registration requirement which is statutorily expired (Utah Code of Criminal Procedure, Sec. 77-27-21.5 (9) (a); 2) D P S in Austin determined in November of 2012 (upon Mr. Heintz's entry into the state) that Mr. Heintz was not required to register in Texas because any and all

2

previous registration reqirements had expired; and, 3) his Constitutionally protected Due Process entitlement to a presumption of innocence was egregiously violated by the Smith County Sheriff's Office when, twelve (12) days following his arrest for <u>allegedly</u> having failed to register, on 2 October 2014; without an Indictment, without a trial and without a conviction, said "law enforcement" agency "directed" Mr. Heintz to register.

"A habeas corpus action is separate from the proceeding out of which it arises and its purpose is vastly different. Habeas corpus is by definition an extraordinary writ in which the restraint of one's liberty is challenged as illegal. See Tex. Code Crim. Proc. Ann. art. 11.01 (Vernon 1977); Saucedo v. State, 795 S.W. 2d 8,9 (Tex. App.-Houston 14 Dist. 1990, no pet.)" <u>Green</u>, hereto attached.

"Additionally, the purpose of a pretrial habeas corpus application is not to facilitate trial, but to stop trial and secure immediate release from confinement." Ex parte Shumake, 953 S.W. 2d 842, 846 n. 8 (Tex. App.-Austin 1997, no pet.).

In Mr. Heintz's case the purpose of his pretrial habeas corpus application is to stop the State from any further pursuit of its illegal prosecution of Mr. Heintz and secure immediate release from restraint.

WHEREFORE, Mr. Heintz respectfully requests that a hearing in this matter be set.

3

DATED this_____day of June 2015.


_____
Applicant

Nicholas G. Heintz, Applicant
Without Assistance of Counsel
22544 Hickory Lane
Mineola, Texas   75773
(903) 638-4383


## AFFIDAVIT


I, Nicholas G. Heintz, being first duly sworn, depose and state as follows:

"I have read the foregoing Motion For Hearing and swear that the allegations

of fact contained therein are true and correct, according to my belief."


DATED this_____day of June, 2015

_____



SUBSCRIBED AND SWORN TO before me this_____day of June, 2015, by
Nicholas G. Heintz.


_____
NOTARY PUBLIC


## CERTIFICATE OF SERVICE

On this_____day of June, 2015, the undersigned hand-delivered a true and
copy of the foregoing Motion For Hearing to Mr. D. Matt Bingham, Smith
County District Attorney, 100 North Broadway Ave., 4th Floor, Smith
County Courthouse, Tyler, Texas   75702


_____


4

Not a Legal Professional? Visit our consumer site
Register | Log-in



YOUR TRAFFIC REPORT IS LYING TO YOUR FIRM.
Discover the truth about your website metrics.

DOWNLOAD THE FREE
WHITE PAPER

THOMSON REUTERS

FindLaw   Caselaw   Texas   TX Ct. App   HOWARD v.

# HOWARD v.

Print       New       Font size:   A   A   Reset

## Court of Appeals of Texas, San Antonio.

## Ex parte Cory HOWARD.

## No. 04-05-00157-CR.

## Decided: November 23, 2005

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, REBECCA SIMMONS, Justice. George Scharmen, San Antonio, for appellant. Kevin P. Yeary, Asst. Crim. Dist. Atty., San Antonio, for appellee.
MEMORANDUM OPINION

In this appeal, Cory Howard seeks reversal of the trial court's denial of his application for a pretrial writ of habeas corpus.   Because the ground asserted in the petition for writ of habeas corpus is not cognizable in a pretrial writ application, we affirm the trial court's denial of habeas corpus relief.

A writ of habeas corpus is an extraordinary writ.   Ex parte Weise, 55 S.W.3d 617, 619 (Tex.Crim.App.2001). "Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal."   Id. Further, an applicant must be illegally restrained to be entitled to habeas corpus relief.   Id. "If we conclude the grounds asserted in the petition for writ of habeas corpus are not cognizable, then we must affirm the trial court's denial of habeas corpus relief."   Ex parte Schoolcraft, 107 S.W.3d 674, 676 (Tex.App.-San Antonio 2003, no pet.).

Howard is charged with committing the offense of driving while intoxicated on September 8, 2003.   The indictment alleges that Howard has been convicted of DWI on two previous occasions, January 19, 1989 and October 14, 1991.   The effect of this allegation is to change the primary DWI offense from a misdemeanor to a third-degree felony.[1]   Howard filed a pretrial writ of habeas corpus, asserting that his previous DWI convictions cannot be used for enhancement purposes because the statutory language permitting such enhancement did not exist at the time of his previous convictions.[2]   According to Howard, using his prior convictions to increase the punishment for his 2003 DWI offense would thus violate the ex post facto proscriptions of the United States and Texas Constitutions.

Howard's complaint is plainly an "as applied" challenge to the constitutionality of the enhancement statute in effect at the time of the primary DWI offense-Penal Code section 49.09(e).   See Ex parte Woodall, 154 S.W.3d 698, 700-01 (Tex.App.-El Paso 2004, pet. ref'd) (recognizing argument alleging that a city ordinance is unconstitutional because it is an ex post facto law is "an 'as applied' challenge to the constitutionality of the ordinance.").   A pretrial writ of habeas corpus, however, may not be used to address an "as applied" challenge to a statute.   Id. at 701.   "As applied" challenges must be litigated in the trial court and adjudicated on direct appeal.   Id. Because the issue raised in Howard's petition for writ of habeas corpus is not cognizable in a pretrial writ application, Howard's sole appellate issue is overruled.

The order of the trial court denying habeas corpus relief is affirmed.

FOOTNOTES

1.    The offense of driving while intoxicated is generally a misdemeanor.   Tex. Pen.Code Ann. § 49.04 (Vernon 2003).   The offense becomes a third-degree felony if the defendant has previously been convicted two times of any offense relating to the operating of a motor vehicle while intoxicated.   Id. § 49.09(b)(2) (Vernon Supp.2004-2005).

2.    At the time of Howard's indictment for the primary DWI offense, a conviction could not be used for purposes of enhancement if:(1)  the conviction was a final conviction under Subsection (d);(2)  the offense for

## FindLaw Career Center

Attorney
Corporate Counsel
Academic
Judicial Clerk
Summer Associate
Intern
Law Librarian

Search Jobs   Post a Job  |  View More Jobs

View More

## FindLaw's on Facebook!
Like FindLaw now for daily updates on topics for Legal Professionals
facebook.com/findlawlegalprofessionals

## Got Gadgets?
Get the latest on legal tech on FindLaw's Technologist blog.
blogs.findlaw.com/technologist

## Need a New Take on the Nine?
Read FindLaw's Supreme Court Blog now!
blogs.findlaw.com/supreme_court

which the person is being tried was committed more than 10 years after the latest of:(A) the date on which the judgment was entered for the previous conviction;(B) the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction;(C) the date on which the person successfully completed any period of parole on which the person was released after serving a portion of the term to which the person was sentenced for the previous conviction; or(D) the date on which the person completed serving any term for which the person was confined or imprisoned for the previous conviction; and(3) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated within 10 years of the latest date under Subdivision (2).Tex. Pen.Code Ann. § 49.09(e) (Vernon 2003).   By contrast, at the time of Howard's conviction for DWI on October 14, 1991, a conviction could not be used for purposes of enhancement if:(1) the conviction was a final conviction under the provisions of Subsections (g) and (h) of this article and was for an offense committed more than 10 years before the offense for which the person is being tried was committed; and(2) the person has not been convicted of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or Article 6701l-1, or Article 6701l-2, Revised Statutes, committed within 10 years immediately preceding the date on which the offense for which the person is being tried was committed.Act of June 16, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1576, repealed by Act of June 19, 1993, 73d Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704.

Opinion by CATHERINE STONE, Justice.

RESEARCH THE LAW          Cases & Codes / Opinion Summaries / Sample Business Contracts / Research An Attorney or Law Firm
MANAGE YOUR PRACTICE     Law Technology / Law Practice Management / Law Firm Marketing Services / Corporate Counsel Center
MANAGE YOUR CAREER       Legal Career Job Search / Online CLE / Law Student Resources
NEWS AND COMMENTARY      Legal News Headlines / Law Commentary / Featured Documents / Newsletters / Blogs / RSS Feeds
GET LEGAL FORMS          Legal Forms for Your Practice
ABOUT US                 Company History / Media Relations / Contact Us / Privacy / Advertising / Jobs
FIND US ON



Copyright © 2015 FindLaw, a
Thomson Reuters business. All
rights reserved.

Not a Legal Professional? Visit our consumer site
Register | Log-n

## PUBLIC RECORDS - FREE SEARCH

| First Name | Last Name | **SEARCH** |

# GREEN v. STATE

Print                                                Font size:    A    A    Reset

### Court of Appeals of Texas,Fort Worth.

### Edward Jerome GREEN, Appellant, v. The STATE of Texas, State.

### No. 2-98-553-CR.

### Decided: July 22, 1999

Panel D: DAY, LIVINGSTON, and DAUPHINOT, JJ. Chris Raesz, Denton, for Appellant. Bruce Isaacks, Crim. Dist. Atty., Pamela J. Moore, Gracie Rodriquez, Chance Oliver, Asst. Dist. Attys., Denton County, Matthew Paul, State Pros. Atty., Austin, for Appellee.

OPINION

Appellant raises two points alleging that the trial court erred in denying the relief sought in his pretrial application for writ of habeas corpus.   We dismiss for want of jurisdiction.

background

Appellant was charged with evading detention.   He filed a pretrial application for writ of habeas corpus alleging that the provision under which he was charged, penal code section 38.04, is unconstitutionally vague.   tex. Penal Code Ann. § 38.04 (Vernon 1994 & Vernon Supp.1999).   On September 9, 1998, the trial court held a hearing and denied appellant relief.   On November 2, 1998, appellant then entered into a plea-bargain agreement in which he pleaded nolo contendere in exchange for 45 days' confinement.

Discussion

    There are two ways a defendant can challenge, in the trial court, the facial constitutionality of a statute. Appellant may file a pretrial motion asking the trial court to declare the statute unconstitutional.  See, e.g., Williams v. State, 937 S.W.2d 479, 491 (Tex.Crim.App.1996) (addressing on appeal the claim that the trial court erred in failing to grant the defendant's pretrial motion to declare death penalty scheme unconstitutional).
    When a defendant files a pretrial motion, any ruling on the motion is interlocutory, and is not subject to immediate appeal.  See Ex parte Apolinar v. State, 820 S.W.2d 792, 794 (Tex.Crim.App.1991); McKown v. State, 915 S.W.2d 160, 161 (Tex.App.-Fort Worth 1996, no pet.);  see also Scott v. State, 158 Tex.Crim. 69, 253 S.W.2d 275, 276 (1952) (interlocutory orders not appealable).

    The other procedure for challenging the constitutional validity of a penal code provision before trial is via a pretrial application for writ of habeas corpus.  See, e.g., Ex parte Boetscher, 812 S.W.2d 600, 601 (Tex.Crim.App.1991);  Ex parte Meyer, 172 Tex.Crim. 403, 357 S.W.2d 754, 756 (1962).   In fact, the very nature of the claim that appellant makes here-that a statute is unconstitutionally void for vagueness-has been addressed on appeals from pretrial applications for writ of habeas corpus.  See Ex parte Anderson, 902 S.W.2d 695, 698 (Tex.App.-Austin 1995, pet. ref'd);  Ex parte Luster, 846 S.W.2d 928, 930 (Tex.App.-Fort Worth 1993, pet. ref'd);  Ex parte Guerrero, 811 S.W.2d 726, 727 (Tex.App.-Corpus Christi 1991, no pet.).   When a trial court denies relief from a pretrial habeas corpus application, the applicant may take immediate appeal.  See Ex parte McCullough, 966 S.W.2d 529, 531 (Tex.Crim.App.1998);  Waldie v. State, 923 S.W.2d 152, 157 (Tex.App.-Beaumont 1996, no pet.).

In this case, appellant chose to challenge the validity of section 38.04 by filing a pretrial application for writ of habeas corpus, instead of a pretrial motion to declare section 38.04 unconstitutional.   The trial court, after a hearing, denied the requested relief.   Therefore, the trial court's denial was immediately appealable.  See McCullough, 966 S.W.2d at 531; Waldie, 923 S.W.2d at 157.

    Under the rules of appellate procedure, appeal must be perfected within 30 days of the date the appealable order is entered.  See tex.R.App. P. 26.2(a)(1).1   There was no motion for new trial, thus appellant's notice of appeal from the order denying him habeas relief was due on or before October 9, 1998.   Appellant filed his notice of appeal on November 4, 1998.   Therefore, appellant's notice of appeal is untimely and does not invoke this court's appellate jurisdiction regarding the trial court's order on the pretrial application for writ of habeas corpus.   See Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App.1996).

FindLaw Career Center

Attorney
Corporate Counsel
Academic
Judicial Clerk
Summer Associate
Intern
Law Librarian

Search Jobs    Post a Job  |  View More Jobs

View More

Involved in a Car Accident?
You may be entitled to compensation! Click for more info:
ConsumerInjury.com

Injury Claim?
You may be entitled to compensation! Click for details:
ConsumerInjury.com

Have a Personal Injury Claim?
Med Mal, Car Accident, Workers Comp claims handled. Click for more info:
ConsumerInjury.com

Appellant's notice of appeal, however, is timely regarding the final judgment entered on November 2, 1998. But, because appellant entered into a plea bargain, he must meet the special notice requirements of rule 25.2(b)(3). tex.R.App. P. 25.2(b)(3). Appellant does not appeal a jurisdictional issue, nor has the trial court granted him permission to appeal. See id. 25.2(b)(3)(A), (C). Thus, in order to appeal his conviction, appellant's notice must truthfully state that the substance of his appeal was raised by written motion and ruled on before trial. Appellant's notice does not, and in fact can not, meet this requirement.

We recognize that appellant's notice of appeal states that the substance of the appeal was raised by written motion and ruled on before trial. For this to be true, however, the pretrial habeas corpus application must be a "written motion" as contemplated in rule 25.2(b)(3). Our review of applicable law reveals that it is not.

A pretrial motion is to be filed at a pretrial hearing conducted pursuant to article 28.01 of the code of criminal procedure. tex.Code Crim. Proc. Ann. art. 28.01 (Vernon 1989). At such a hearing, the defendant may file any motions or pleadings that are by law permitted to be filed, including a motion to declare a statute unconstitutional. See id. art. 27.02; see, e.g., Williams, 937 S.W.2d at 491. The purpose of the pretrial hearing is to enable the judge to dispose of certain matters prior to trial and thus avoid delays during the trial. See Johnson v. State, 803 S.W.2d 272, 284 (Tex.Crim.App.1990), cert. denied, 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991). Rulings on pretrial motions are interlocutory and not subject to immediate appeal. See Scott, 253 S.W.2d at 275.

A habeas corpus action is separate from the proceeding out of which it arises and its purpose is vastly different. Habeas corpus is by definition an extraordinary writ in which the restraint of one's liberty is challenged as illegal. See Tex.Code Crim. Proc. Ann. art. 11.01 (Vernon 1977); Saucedo v. State, 795 S.W.2d 8, 9 (Tex.App.-Houston [14th Dist.] 1990, no pet.). As one of our sister courts has noted:

Habeas corpus proceedings are separate and distinct proceedings independent of the cause instituted by the presentation of an indictment or other forms of the State's pleadings. Such habeas corpus proceedings should be docketed separately from the substantive cause and given a different cause number. An appeal from an order denying relief is not an interlocutory appeal from the substantive cause arising out of an indictment, felony information, or complaint and information.

Ex parte Shumake, 953 S.W.2d 842, 846 n. 8 (Tex.App.-Austin 1997, no pet.). Additionally, the purpose of a pretrial habeas corpus application is not to facilitate trial, but to stop trial and secure immediate release from confinement.

Because of the important differences noted, we conclude that a pretrial application for writ of habeas corpus is not the same as a matter "raised by written motion and ruled on before trial" for the purpose of rule 25.2(b)(3). Here appellant opted to file a pretrial application for habeas relief. He did not immediately appeal the order denying him relief. Appellant then pleaded nolo contendere without filing any pretrial motions. Thus, while appellant's notice of appeal textually reflects compliance with rule 25.2(b)(3)(B), the statement is inaccurate because there are no pretrial motions in this case. Appellant therefore fails to meet the special notice requirement of rule 25.2(b)(3)(B) and, as a result, fails to invoke this court's jurisdiction over the judgment and sentence in this case. See Long v. State, 980 S.W.2d 878, 878 (Tex.App.-Fort Worth 1998, no pet.).

Conclusion

Because any purported appeal from the order denying habeas relief is untimely and because appellant otherwise fails to invoke our appellate jurisdiction, we dismiss this appeal for want of jurisdiction.

FOOTNOTES

1.   If there is a motion for new trial, appeal must be perfected within 90 days.

SAM J. DAY, Justice.

| RESEARCH THE LAW | Cases & Codes / Opinion Summaries / Sample Business Contracts / Research An Attorney or Law Firm |
| MANAGE YOUR PRACTICE | Law Technology / Law Practice Management / Law Firm Marketing Services / Corporate Counsel Center |
| MANAGE YOUR CAREER | Legal Career Job Search / Online CLE / Law Student Resources |
| NEWS AND COMMENTARY | Legal News Headlines / Law Commentary / Featured Documents / Newsletters / Blogs / RSS Feeds |
| GET LEGAL FORMS | Legal Forms for Your Practice |
| ABOUT US | Company History / Media Relations / Contact Us / Privacy / Advertising / Jobs |
| FIND US ON |  |

Copyright © 2015 FindLaw, a Thomson Reuters business. All rights reserved.

15-0959-A

FILED
LOIS ROGERS
DISTRICT CLERK

2015 MAY -6 AM 11: 51

SMITH COUNTY TEXAS

BY_____DEPUTY

7TH JUDICIAL COURT

APPLICATION for EXTRAORDINARY WRIT of HABEAS CORPUS in HEINTZ

IN THE SEVENTH DISTRICT CRIMINAL COURT, SMITH COUNTY TEXAS

To the Honorable Kerry L. RUSSELL, judge of said court

Applicant, defendant, Nicholas G. Heintz, in Cause No. UNINDITCED, respectfully moves the court for leave to file a writ of habeas corpus and to grant that writ.

Applicant further respectfully moves the court for expedited hearing and expedited consideration of this writ.

In support, Applicant would show:

STATEMENT OF CASE

1. Applicant Heintz was unlawfully arrested on 2 October 2014 and confined in the Smith County jail by Larry R. Smith, Sheriff of Smith County, Texas. See. Ex. A, ARREST WARRANT dated 2 October 2014.

2. Heintz is charged with the felony offense, Cause No. UNINDICTED, of Failure to Register as a Sex Offender, "because of a reportable conviction out of the State of Utah." Ex. A.

3. Heintz was held with bail set at $500,000.00. See. Ex. B, Jail Record Detail dated 2 October 2014.

4. On 14 October 2014 Heintz was compelled to register as a sex offender by Detective James Riggle and Deputy Jerilynn Scott of the Smith County Sheriff's Office. See. Ex. C, Pre-Release Notification Form dated 14 October 2014.

5. Heintz was brought before this court on 17 October 2014 where bail was ordered reduced to $100,000.00 with conditions. See. Ex. D, court Order and Special Conditions of Bond dated 17 October 2014.

6. On 18 October 2014 bond was posted and Heintz was released. See. Ex. E, contractual agreement/rules and conditions of bond dated 18 October 2014.

7. Heintz appeared before this court on 10 November 2014 where it was ordered Special Conditions of Bond be modified to allow Heintz contact with his minor son and allow out-of-state, employment-related travel. See. Ex. F, court Order dated 10 November 2014.

8. Heintz appeared before this court on 30 January 2015 for "Roll Call", and where it was ordered: 1) conditions of bond be modified to allow Heintz "contact with his child only"; and, 2) that Heintz report monthly to Pre-Trial Release Officer and submit to randum drug testing. See. Ex. G, court Order dated 30 January 2015.

9. On 12 February 2015 Heintz wrote defense attorney Huggler, and requested he file appropriate pleading with the court to have case against Heintz dismissed. See. Ex. H, handwritten letter to Huggler dated 12 February 2015.

2

10. Heintz informed Huggler of medical condition which inhibits Heintz from maintaining full-time employment. Ex. H.

11. On 2 March 2015 Roger N. Fowler, MD finds Heintz permanently disabled. See. Ex. I, Medical Release/Physician's Statement dated 2 March 2015.

12. On 16 March 2015 Heintz delivered copy of Dr. Fowler's 2 March 2015 Medical Release/Physician's Statement to Huggler's office.

ARGUMENT

1. The power of the court to set bail may not be used as an "instrument of oppression." TEX. CODE CRIM. PROC. art. 17.15. Considering the innocuous, nonviolent, victimless nature of offense charged; that Heintz was gainfully employed; and, that prior to his arrest Heintz resided within Smith County for a year and a half (1 1/2) without incident, bail, even at the reduced rate, is unconstitutionally excessive.

2. As set forth in the Sixth Amendment to the U. S. Constitution, Heintz is entit led to effective assistance of counsel during all stages of the proceedings against him.

3. That Heintz "intentionally and knowingly failed to register as a sex offender" (Ex. A), as charged, is groundless. See. Ex. J, handwritten letter of Heintz to Vincent Castilleja, TXDPS, dated 6 July 2012.

4. " As a result of his term of supervision ending on 10-14/81, this individual would not be required to register in Texas. " See. Ex. K, email response of Eddie Contreras, TXDPS Sex Offender Registration Bureau, Training Specialist III dated 1 November 2012.

3

5. Contention of Smith County Sheriff's Office that Heintz neglected to inform Texas registration authority of Utah conviction named in Arrest Warrant (Ex. A) is without merit. See. Ex. L, email correspondence of Heintz to Bexar County Registrar, Sandra Hernandez dated 14 November 2012.

6. Utah " EXPIRATION OF PRISON SENTENCE FOR HIS 1983 CONVICTION COURT CASE # 831916801 ON 11/23/1999 with a ten year registration requirement to 11/23/2009." See. Ex. M, Statement of Susan Brown, Case Manager, Utah Sex Offender Registration Program dated 1 July 2010.

7. Per Texas Code of Criminal Procedure, Art. 62.052(b) " The duty to register for an extrajurisdictional registrant expires on the date the person's duty to register would expire under the laws of the other state."

8. " One accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial." Taylor v. Kentucky, 436 U.S. 478, 98 S. Ct. 1930, 56 L. Ed 2d 468, 1978. To require Heintz to register without Indictment, without a trial and without a conviction is a direct violation of this Constitutional Safeguard.

9. A Constitutional Violation egregiously aggravated by Smith County having no legal authority to have arrested Heintz for the offense charged in that alleged registration obligation statutorily expired. Utah Code Annotated, 77-27-21.5.

10. Over seven (7) months have now elapsed in unlawful confinement and restraint of Heintz awaiting lawfully unobtainable Indictment.

4

## RELIEF REQUESTED

WHEREFORE, applicant Heintz respectfully requests that the Court grant this application for extraordinary writ of habeas corpus and upon conclusion thereof dismiss the wrongful charge against Heintz and release him from further unlawful restraint. In the event a hearing in the matter is deemed necessary applicant additionally requests that the Court appoint him an attorney because applicant is indigent and no longer able to afford private counsel.

DATED this____ day of May 2015.

_____
Applicant

Nicholas G. Heintz, Applicant
Without Assistance of Counsel
22544 Hickory Lane
Mineola, Texas 75773
(903) 638-4383

## AFFIDAVIT

I, Nicholas G. Heintz, being first duly sworn, depose and state as follows:
" I have read the foregoing application for extraordinary writ of habeas corpus and swear that the allegations of fact contained therein are true and correct, according to my belief. "

DATED: May 6, 2015.

_____

SUBSCRIBED AND SWORN TO before me this____day of May, 2015, by Nicholas G. Heintz.

_____
Notary Public

5

## CERTIFICATE OF SERVICE

On 6 May 2015 the undersigned hand-delivered a true and exact copy of the foregoing Application for Extraordinary Writ of Habeas Corpus in Heintz to Mr. D. Matt Bingham, Smith County District Attorney, 100 North Broadway Ave., 4th Floor, Smith County Courthouse, Tyler, Texas 75702.

_____

EXHIBIT "A"

THE STATE OF TEXAS )( CASE # 2014-23432

COUNTY OF SMITH )( ARREST WARRANT
AFFIDAVIT

BEFORE ME THE UNDERSIGNED AUTHORITY ON THIS DAY PERSONALLY APPEARED THE UNDERSIGNED AFFIANT WHO AFTER BEING DULY SWORN UPON OATH DEPOSES AND SAYS: MY NAME IS **JERI LYNN SCOTT**, AND I HAVE GOOD REASON TO BELIEVE THAT ON OR ABOUT THE 1ST DAY OF OCTOBER 2014 , HEINTZ, NICHOLAS GEORGE, W/M, 12-5-1953,, A.K.A. BANNER NICHOLAS VAUGHN AKA 12-05-55, DID THEN AND THERE COMMIT THE OFFENSE OF FAILURE TO REGISTER AS A SEX OFFENDER, A THIRD DEGREE FELONY, 62.102 (b)(1) CCP, IN THAT HE DID THEN AND THERE:

WHILE BEING A PERSON REQUIRED TO REGISTER WITH THE LOCAL LAW ENFORCEMENT AUTHORITY IN SMITH COUNTY WHERE THE DEFENDANT RESIDED OR INTENDED TO RESIDE FOR MORE THAN SEVEN DAYS, TO WIT: SMITH COUNTY, BECAUSE OF A REPORTABLE CONVICTION OUT OF THE STATE OF UTAH FOR THE OFFENSE OF SEXUAL ABUSE OF A CHILD 2ND DEGREE CAUSE NUMBER 831680, COUNTY OF SALT LAKE UTAH, WHICH CONTAINS ELEMENTS THAT ARE SUBSTANTIALLY SIMILAR TO THE ELEMENTS OF INDECENCY WITH A CHILD SEXUAL CONTACT UNDER THE LAWS OF THIS STATE, INTENTIONALLY OR KNOWINGLY FAILED TO REGISTER.

MY BELIEFS ARE BASED ON THE FOLLOWING FACTS AND INFORMATION:

10-2-14, AFFIANT RECEIVED INFORMATION FROM PRECINCT #4 CONSTABLES OFFICE, DEPUTY SHANE SCOTT REQUESTING AFFIANT TO CHECK NICHOLAS GEORGE HEINTZ, W/M, 12-5-53, TO SEE IF HE WAS A REGISTERED SEX OFFENDER IN THE STATE OF TEXAS. AFFIANT HAD SMITH COUNTY DISPATCH CENTER RUN A CRIMINAL HISTORY. AFFIANT OBSERVED ON THE CRIMINAL HISTORY A SEX OFFENSE FROM THE STATE OF UTAH UNDER THE NAME OF NICHOLAS VAUGHN BANNER. AFFIANT CONTACTED UTAH AND SPOKE WITH BECKY HEAPS FROM THE STATE OF UTAH REGISTRY. AFFIANT REQUESTED REGISTRATION PAPER WORK AND COURT DOCUMENTS TO CONFIRM NICHOLAS GEORGE HEINTZ, A.K.A. NICHOLAS VAUGHN BANNER WAS REQUIRED TO REGISTER AS A SEX OFFENDER. ONCE AFFIANT RECEIVED THE COURT DOCUMENTS FROM THE STATE OF UTAH, AFFIANT CONTACTED LEANN JONES WITH THE TEXAS DEPARTMENT OF PUBLIC SAEFTY SEX OFFENDER REGISTRATION UNIT. AFFIANT HAD THE COURT DOCUMENTS FORWARDED TO LEANN JONES. IT WAS DETERMINED BY THE TEXAS DEPARTMENT OF PUBLIC SAFETY SEX OFFENDER REGISTRATION UNIT THAT NICHOLAS GEORGE HEINTZ, A.K.A. NICHOLAS VAUGHN BANNER WAS REQUIRED TO REGISTER IN THE STATE OF TEXAS AS A SEX OFFENDER.

10-2-14, AFFIANT CHECKED THE DPS SEX OFFENDER REGISTRATION WEBSITE AND DID NOT SEE WHERE NICHOLAS GEORGE HEINTZ HAD CHECKED IN WITH ANY AGENCY IN THE STATE OF TEXAS. AFFIANT ALSO CHECKED FOR THE NAME OF NICHOLAS VAUGHN BANNER AND DID NOT LOCATE ANYONE BY THAT NAME.

AS A REGISTERED SEX OFFENDER NICHOLAS GEORGE HEINTZ, A.K.A. NICHOLAS VAUGHN BANNER IS REQUIRED TO NOTIFY LOCAL LAW ENFORCEMENT WITHIN 7 DAYS OF MOVING INTO SMITH COUNTY WHICH HE DID NOT.

UPON SEARCHING NICHOLAS GEORGE HEINTZ, AFFIANT LOCATED A TEXAS DRIVER LICENSE, # 37812274, WITH AN ADDRESS OF 22544 HICKORY LANE MINEOLA, TEXAS 75773, CLASS A, EXPIRING 12-5-2018.

AS A SEX OFFENDER IN THE STATE OF TEXAS, NICHOLAS GEORGE HEINTZ, A.K.A. NICHOLAS VAUGHN BANNER IS REQUIRED TO ANNUALLY RENEW EITHER A TEXAS DRIVER LICENSE OR TEXAS IDENTIFICATION CERTIFICATE.

AFFIANT ALSO LEARNED THAT NICHOLAS GEORGE HEINTZ, A.K.A NICHOLAS VAUGHN BANNER WAS SERVED AN EVICTION NOTICE BY PRECINCT #4 CONSTABLES OFFICE ON 10-1-14, AT CAREER TRUCKING SCHOOL LOCATED AT 6986 CR 384 TYLER, TEXAS 75708. HE IS CURRENTLY RESIDING AT THE CORNER OF LAMONT DRIVE AND CR 384 IN A TRAVEL TRAILER ON THIS PROPERTY.

AS A REGISTERED SEX OFFENDER NICHOLAS GEORGE HEINTZ, A.K.A NICHOLAS VAUGHN BANNER IS REQUIRED TO VERIFY WITH LOCAL LAW ENFORCEMENT WHEN BEGINNING OR LEAVING EMPLOYMENT WITHIN 7 DAYS WHICH HE HAS NOT.

NICHOLAS GEORGE HEINTZ, A.K.A. NICHOLAS VAUGHN BANNER DID INTENTIONALLY AND KNOWINGLY FAILED TO REGISTER AS A SEX OFFENDER IN THE STATE OF TEXAS, SMITH COUNTY. THIS OFFENSE WAS COMMITTED AGAINST THE PEACE AND DIGNITY OF THE STATE OF TEXAS.


WHEREFORE I REQUEST THAT AN ARREST WARRANT BE ISSUED FOR THE SUSPECT HERINBEFORE DESIGNATED ACCORDING TO THE LAWS OF THE STATE

WITNESS MY SIGNATURE THIS THE _____ DAY OF __October__ 2014.

_____
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS THE 2 DAY OF October 2014.

_____
MAGISTRATE IN AND FOR SMITH COUNTY, TX

Judge, 241st District Court
OFFICE AND TITLE OF MAGISTRATE

EXHIBIT "B"





Select another search type

Refine this search

---

**Smith County, Texas**
**Jail ID 318879**
**US MARSHALL'S SERVICE**
**Confined 10/02/2014 11:44pm**

**Defendant** Heintz, Nicholas George

Unk

Tyler, Tx 75705

White Male 5' 11" 170

12/05/1953

Hair Blond or Strawberry

Eyes Blue

SO# 167319

| Cause | Charge Issuing Authority | Disposition | Bond | Fine |
|-------|--------------------------|-------------|------|------|
| JS-10-2-14FW-2 | FAIL TO COMPLY WITH SEX OFF REG LIFE/ANNUALLY 007 | 10/02/2014 - Held | $500000.00 SURETY BOND | $0.00 |

---

Copyright © 2000 The Software Group. All rights reserved.

EXHIBIT "C"

PRE-RELEASE NOTIFICATION FORM
TEXAS SEX OFFENDER REGISTRATION PROGRAM

CR-32 (Rev. 12-13)

ARTICLE 62.053, Code of Criminal Procedure - Release or Discharge from a Penal Institution or Release to
Community Supervision, Parole, Mandatory Supervision or the Law Enforcement Registering Authority



Full Name (Last, First, Middle)

**Heintz NICHOLAS George**

| Date of Birth mm/dd/yyyy | Sex | Race | Hgt | Wgt | Eyes | Hair | Social Security Number |
|---|---|---|---|---|---|---|---|
| 12/05/1953 | W | M | 511 | 170 | BLU | GRY | 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 |

| DL Number | State | ID Number | State | SID Number | | FBI Number | TDCJ-ID Number |
|---|---|---|---|---|---|---|---|
| 37812274 | TX | | | | | 560408N4 | |

| Registering Offense (Title) | State* | Disposition Date mm/dd/yyyy | Sentence Received | Victim(s) Sex/Age |
|---|---|---|---|---|
| IND. W/CHILD SEXUAL CONTACT | UT | 09/04/1992 | 15 YEARS | S F-10 |

*If not statutorily required to register, check box ☐ and enter discharge date mm/dd/yyyy:

| Registering Offense (Title) | State* | Disposition Date mm/dd/yyyy | Sentence Received | Victim(s) Sex/Age |
|---|---|---|---|---|
| | | | | |

*If not statutorily required to register, check box ☐ and enter discharge date mm/dd/yyyy:

### PROHIBITED EMPLOYMENT, ARTICLE 62.063, Code of Criminal Procedure
**Answer "Yes" or "No" to the following questions to determine if occupational restrictions apply.**

1. Was the conviction, adjudication, or deferred adjudication on or after 9/01/2013?  Yes ____ No ✓
2. Was the offender 17 years of age or older at the time of the offense?  Yes ____ No ____
3. Was there an affirmative finding made that the victim or intended victim was 13 years of age or younger at the time of the offense?  Yes ____ No ____
4. Was this a Sexually Violent Offense as defined by Article 62.001, C.C.P.?  Yes ____ No ____
5. Was this offense tried in a Texas court of law?  Yes ____ No ____

**If the answer is 'Yes' to the preceding five questions, complete the CR-32PE form.**

Duty to register expires: ✓ Lifetime   ____ 10 Yrs After Discharge   ____ At Discharge (Court/Board Ordered)
____ 15 Yrs After Discharge   ____ 25 Yrs After Discharge   ____ ICC: ending registration date _____

Verification requirement: ✓ Annual (on birthday)   ____ Every 90 Days   ____ Every 30 Days

Assigned risk level _____   If "C" for Civil Commitment please provide date of judgment order: _____

Address or description of the geographical location where person notified expects to reside:
(Full street address, city, state, zip code)   2526 LAMONT DR TYLER, TEXAS 75708

Chapter 62, Code of Criminal Procedure, requires me to register as a sex offender. I understand that:

NH Initial Verification of Registration Upon Release: Not later than the 7th day after **18 Oct. 2014** (date of release/placement on community supervision or juvenile probation), I must personally appear at the following local law enforcement authority to verify and complete my registration

NH Registration Verification

Local Law Enforcement Agency Name: **SMITH COUNTY SHERIFF'S OFFICE**

Agency Address/City/State/Zip: **227 N SPRING ST TYLER, TEXAS 75702**

Notification to Authority for Campus Security Agency: **TYLER ISD**

Agency Address/City/State/Zip: _____

NH If I have a juvenile probation officer, community supervision and corrections department officer, or parole officer and I do not move to an intended residence, I must report to my supervising officer not later than the 7th day after the date I was released.

NH Registration: I am required to register with the local law enforcement authority in any municipality (chief of police) where I reside or intend to resi for more than seven days. If my residence is not in a municipality, I must register with the local law enforcement authority of the county (sheriff) wher reside or intend to reside for more than seven days. Registration must be completed not later than the 7th day after the date of arrival in the municipal or county. The local law enforcement authority or the centralized registration authority, as designated by a commissioner's court, in the municipality county I reside in will be my primary registration authority. The duration of my duty to register is for the period of time indicated above.

NH Periodic Verification of Registration: I must personally appear at my primary registration authority and verify my registration information annua every 90 days, or every 30 days, as indicated above.

NH Additional Information as required by the Department: I am required to report to my primary registration authority any additional informat required by the Texas Department of Public Safety including, but not limited to, blood type, nearest relative's name and address, and the indentifi tion of any vehicle to which I have access.

NH Change of Address: Not later than the 7th day before I move to a new residence in this state or another state, I must report in person to my prim registration authority and to any community supervision and corrections department officer, juvenile probation officer, or parole officer supervis

me and inform that authority and officer of my intended move. If my new residence is located in this state, not later than the 7th day after changing address, I must report in person and register with the local law enforcement authority in the municipality or county where my new residence is located. If my new residence is located in another state, not later than the 10th day after the date I arrive in the other state, I must register with the law enforcement agency that is identified by the Texas Department of Public Safety as the agency designated by that state to receive registration information. If I do not move to an intended residence, not later than the 7th day after my anticipated move date, I shall report to my primary registration authority and to any supervising officer supervising me.

**Lack of Address:** If I lack a physical address assigned by a governmental entity, I must provide to the local law enforcement authority a detailed description of the geographical location where I reside or intend to reside for more than 7 days. I must report in person to the local law enforcement authority not less than once in each 30 day period to confirm my location until a physical address can be provided.

**Texas DL/ID Requirement:** Not later than the 30th day after the date I am released from a penal institution/placed on community supervision or juvenile probation, I shall present this notice to the appropriate Texas Department of Public Safety, Driver License Office, and apply for the issuance of, as applicable, an annually renewable Texas driver license or personal identification certificate. Failure to apply for an annually renewable driver license or personal identification certificate will result in the revocation of any existing license or certificate issued by the Texas Department of Public Safety. I shall maintain an annually renewable driver license or personal identification certificate for as long as I am required to register.

**Status Changes:** Not later than the 7th day after the date of the change, I shall report to my primary registration authority any change in the following: my name (includes a request for name change and a denial of a request), my physical health (includes hospitalization), job status (includes beginning and leaving employment and changing work locations), and educational status (includes a transfer from one educational facility to another).

**Change in On-Line Identifiers:** Not later than the 7th day, I shall report any changes to online identifiers or establishment of any new online identifier not already included on my registration form to my primary registration authority in the manner prescribed by the authority.

**Institutions of Higher Education:** If I intend to be employed, carry on a vocation, or be a student at a public or private institution of higher education in this state, I must notify the authority for campus security for the institution and my primary registration authority of that fact not later than the 7th day after the date I begin to work or attend school at the institution. If I stop working or attending school at an institution of higher education, I must report that fact to the authority for campus security and my primary registration authority not later than the 7th day after the day I stop working or attending school at the institution. If the institution of higher education does not have an authority for campus security, I must provide the required notice to the local law enforcement authority of the municipality or county in which the institution is located. If the institution of higher education is located in another state, I must notify any authority for campus security for that institution not later than the 10th day after the date I begin to work or attend school.

**Workers and Students:** If I reside outside of this state and intend to work or attend school in this state, not later than the 7th day after the date I begin to work or attend school, I must register and verify registration with the local law enforcement authority in the municipality or county in which I work or attend school. If I reside in this state and work or attend school in another state, I must register with the law enforcement agency that is identified by the Texas Department of Public Safety as the agency designated by that state to receive registration information not later than the 10th day after the date I begin to work or attend school.

**Visiting Locations:** If on at least 3 occasions during any month I spend more than 48 consecutive hours in a municipality or county other than the municipality or county I am registered in, I must report that fact to the local law enforcement authority of the municipality or county I am visiting. This notice must be provided before the last day of the month the visits occur.

**Postcard Notification Costs:** If I am assigned a High risk level or am civilly committed as a sexually violent offender, I shall reimburse the Texas Department of Public Safety all costs incurred by the DPS in providing postcard notification to my community of residence (Not applicable to an adjudication of delinquent conduct).

**Local Law Enforcement Authority Policies:** All registrations, verifications, and notifications must be provided in person within the time periods indicated above. If I appear within a time period indicated above and the local law enforcement authority instructs me that their policy requires me to appear at a later date, I will appear on that later date to register, verify, or to provide a notification, as applicable.

**DNA Specimen:** A person required to register under this chapter shall comply with a request for a DNA specimen made by a law enforcement agency under Section 411.1473, Government Code.

**Criminal Penalties:** My failure to comply with any requirement imposed upon me by Chapter 62, Code of Criminal Procedure, is a felony offense. Further, if I am on parole, community supervision, or juvenile probation, my failure to comply with any requirement imposed upon me by Chapter 62, Code of Criminal Procedure may result in the revocation of my parole, community supervision, or juvenile probation.

Nicholas G. Heintz
_____
Printed Name of Person Notified

_____      10/14/2014
Signature of Person Notified           Date

SID# _____ ____ Offender Refused to Sign ____ Offender Unable to Sign
_____
Person Notified

I certify that I notified the individual described above of the duty to register as required under Chapter 62 C.C.P.

_____      10/14/2014
Printed name and signature of notifying officer     Date of notification

**SMITH COUNTY SHERIFF'S OFFICE**              (903) 590-2680
Name of notifying agency                        Agency telephone number

R T T H U M B

Please keep a copy of this form for your records. Please provide registrant with a copy of this form.
Forward a copy to the intended primary registration authority. Fax completed form to DPS, Sex Offender Compliance Unit, at 512/424-5434
Mail original to: Sex Offender Registration Program, Texas Department of Public Safety - MSC 0230, PO BOX 4143, Austin, TX 78765-4143

EXHIBIT "D"

OCT 17 2.4

CAUSE NO: 14-2492-A

| STATE OF TEXAS | § | IN THE 7TH JUDICIAL DISTRICT |
| | § | |
| VS. | § | COURT OF |
| | § | |
| NICHOLAS HEINTZ | § | SMITH COUNTY, TEXAS |

## ORDER
## WRIT OF HABEAS CORPUS FOR
## MOTION TO REDUCE BOND

On this _17TH_ day of _October_, 2014, came on to be heard the Writ of Habeas Corpus for Motion for Bond Reduction for the above entitled and numbered cause and it appears to the Court that said motion should be **GRANTED** ~~DENIED~~.

IT IS THEREFORE ORDERED that the Defendant's bail be set at ~~Twenty-Five~~ _ONE Hundred ($100,000)_ Thousand ~~($25,000)~~ Dollars for the Fail to Comply with Sex Offender Registration Life/Annually offense. ⊛ w/ Conditions

~~OR~~

~~IT IS THEREFORE ORDERED that the Defendant's bail be set at $_____~~
~~Dollars for the Fail to Comply with Sex Offender Registration Life/Annually offense.~~

Signed on this _17TH_ day of _October_, 2014.

JUDGE PRESIDING

CAUSE NO. **UNINDICTED**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 7TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| NICHOLAS HEINTZ | § | SMITH COUNTY, TEXAS |

Offense: **FAIL TO COMPLY WITH SEX OFFENDER REGISTRATION**
Bond Set: **$100,000.00 with Conditions**

## SPECIAL CONDITIONS OF BOND

The Court **ORDERS** that any bond posted by the Defendant in this cause shall also include the requirement that the Defendant agree to comply fully with these terms and conditions of bond:

1. Have no contact with minor children unless at least two other adults are present.

2. Do not go on the premises of or patronize sexually oriented establishments. Do not purchase, own, or possess pornographic materials.

3. Do not reside in a household where any minor children live without written permission of the Court.

4. Do not supervise or participate in any program that includes as participants or recipients persons who are 17 years of age or younger and that regularly provide athletic, civic, or cultural activities. Do not reside, go in, on, or within 500 feet of a premises where children commonly gather, including a school, day-care facility, playground, public or private youth center, public swimming pool, or video arcade facility, unless permission is obtained from the Supervision Officer or Court.

5. Do not accept or maintain employment which will bring you into direct contact with minor children without written approval by the Court.

6. The Defendant is ORDERED not to use, possess or consume any alcoholic beverage, illegal drug or narcotic as a condition of this bond.

7. The Defendant is ORDERED not to possess at any time or place a firearm, explosive device or ammunition.

8. The Defendant is ORDERED as a condition of bond to obey the law.

9. The Defendant is ORDERED as a condition of bond to remain in the United States of America.

10. If the Defendant violates any of the provisions of these conditions of bail/bond the Court may order ex-parte that this bond be revoked and order the Defendant arrested and a new bond be set by the Court.

11. The Defendant is ORDERED to *immediately* report the Adult Probation Department, Pre-Trial Release Officer located at *217 East Line Street, Tyler, Texas 75702* upon release from the Smith County Jail and remain there until he/she receives his/her supervision instructions in this matter.

12. The Defendant shall submit to testing on a **weekly** basis for the presence of a controlled substance in the Defendant's body. The Defendant is ordered to report to the Smith County Community Adult Probation Department located at the Smith County Office Building in Tyler, Texas *immediately* and submit to a test on a **weekly** basis for the presence of a controlled substance in the Defendant's body. If the Defendant fails to report and/or submit to such testing for controlled substance or the test indicates the presence of a controlled substance in the Defendant's body, the Court may order ex-parte that this bond be revoked and order the Defendant arrested and a new bond set by the Court. The Court orders that the cost of such testing be paid by the Defendant prior to testing.

13. The Defendant is ORDERED as a condition of the bond that the Defendant shall **within 3 days** report to the Smith County Sheriff Department to provide one or more specimens for the purpose of creating a DNA record.

SIGNED AND ORDERED this 17th day of October, 2014

**ORIGINAL**

_____
HONORABLE KERRY L. RUSSELL
Judge, 7th Judicial District Court of Smith County, Texas

I, THE ABOVE NAMED DEFENDANT, UPON POSTING OF THE ABOVE SET OUT BOND AMOUNT, NOW HEREBY ACKNOWLEDGE THAT I HAVE RECEIVED A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING CONDITIONS OF SAID BOND. I HAVE READ SAME, I UNDERSTAND THESE CONDITIONS, I READ AND UNDERSTAND THE ENGLISH LANGUAGE, AND I EXPRESSLY AGREE TO ABIDE STRICTLY BY THOSE TERMS AND CONDITIONS OF BOND.

_____
Witness Signature
Date: 10-17-14

_____
Defendant Signature
Nicholas E. 22544 Hickory Ln.
Mineola, TX 75773
Current Address with Zip Code
Phone Number: (903) 638-4383

EXHIBIT "E"



# Bail Bond - NICHOLAS HEINTZ

*IM OF*

**Surety Bail Bond #414845**

| | | | |
|---|---|---|---|
| Bond Company: Bad Boy Bail Bonds | Warrant: JS-10-2-14FW-2 | Court: | 7th District Court |
| Principal: NICHOLAS HEINTZ | Cause No.: | Date: | 01/30/2015 |
| Completed: Oct 18 2014 7:35PM | JailID: 318879 | Time: | 8:30 AM |
| | SO#: 167319 | Place: | 100 N. Broadway Rm 203 Tyler |
| | | Phone: | 903-590-1640 |

## Agreement:

Know all men by these presents, that we, NICHOLAS HEINTZ, as principal, and the undersigned Bad Boy Bail Bonds as sureties, are held and firmly bound unto the STATE OF TEXAS, in the penal sum of $100,000.00 Dollars and, in addition thereto, we are bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said principal in the event any of the hereinafter stated conditions of this bond are violated for the payment of which sum or sums well and truly to be made, we do bind ourselves, and each of us, heirs, executors, and administrators, jointly and severally.

The conditions of this bond are that the defendant was arrested on 10/02/2014 and has been charged with **FAIL TO COMPLY WITH SEX OFF REG LIFE/ANNUALLY, a Felony offense and to secure his/her release from custody** is entering into this obligation binding him/her to appear before the 7th District Court the County of Smith, the State of Texas.

Now therefore, if the said principal shall well and truly make his personal appearance before said court instanter as well as before any other court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by due course of law, then and there to answer said accusation against him/her, this obligation shall become void, otherwise to remain in full force and effect.

Taken and approved: 10/18/2014      By (Deputy): BLAKE E BANNER

Surety (Owner/Agent): Bad Boy Bail Bonds (Agent, Lexington National Insurance Corporation)

| | |
|---|---|
| Surety Employee: Eric O'Brien Richard (Bad Boy) | CoSurety: LORI OLMSTEAD |
| Address: 1625 W. Gentry #105 | Address: 173 VIRGINIA AVE. |
| City/State/Zip: Tyler, Texas 75702 | City/State/Zip: SEBASTOPOL, CA 21593 |
| Phone: 903-592-5555 | Phone: 707-292-9613 |
| Submitted: Oct 18 2014 7:12PM | /s/ LORI OLMSTEAD |
| Status: Completed at Oct 18 2014 7:35PM | |

## Principal Identification:

| | | |
|---|---|---|
| SSN: 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 | Address: 22544 HICKORY LN | Hair: Blond |
| DL#/State: 37812274 / TX | City/State/Zip: MINEOLA, TX 75773 | Eyes: Blue |
| DOB: 12/05/1953 | Phone: N/A | Height: 5'11" |
| Sex: Male | | Weight: 170 |
| Race: White | | **Right Thumb Print:** |

Signed by Principal: _N. Heintz_      Dated _18 Oct_ , 20 _14_

## Declaration of Sureties:

THE STATE OF TEXAS
COUNTY OF SMITH

We, each of us, Bad Boy Bail Bonds and LORI OLMSTEAD pursuant to section 132.001 of the Texas Civil Practice and Remedies Code does hereby declare under penalty of perjury that he or she is worth in his or her own right at least the sum of $200,000.00 Dollars, after deducting from his or her property all that which is exempt by the Constitution and Laws of the State from forced sale, and after the payment of all our debts, of every description, whether individual or security debts, and after satisfying all encumbrances upon our property which are known to us; and that the surety or agent of the surety resides in the County of Smith and has property in the State liable to execution worth:

THE SAID Bad Boy Bail Bonds SUM OF $200,000.00 DOLLARS
THE SAID COSURETY LORI OLMSTEAD SUM OF $100,000.00 DOLLARS

BY /s/ Thomas Snoddy _____ this _____ day of _____ , 20 _____

BY _D. Cain_ _____ DEPUTY this _18_ day of _October_ , 20 _14_



# Bail Bond - NICHOLAS HEINTZ

**Surety Bail Bond #414845**
**Bond Company:** Bad Boy Bail Bonds
**Principal:** NICHOLAS HEINTZ
**Completed:** Oct 18 2014 7:35PM

**Warrant:** JS-10-2-14FW-2
**Cause No.:**
**JailID:** 318879
**SO#:** 167319

**Court:** 7th District Court
**Date:** 01/30/2015
**Time:** 8:30 AM
**Place:** 100 N. Broadway Rm 203, Tyler
**Phone:** 903-590-1640

## Instructions:

COME BY OUR OFFICE MONDAY TO FILL OUT YOUR PAPERWORK. OUR # IS 903-592-5555.

Smith County - All Rights Reserved

## BAD BOY BAIL BONDS

You are required to adhere to and comply with all rules and conditions set forth in this agreement concerning the bail bond(s) to which Bad Boy Bail Bonds has posted Surety on your behalf regarding the charges of FAIL TO COMPLY W/ SEX OFF REG LIFE/ANNUAL on bond(s) dated __18__ day of __OCTOBER__, 20__14__.

1. ~~You must contact Bad Boy Bail Bonds at 903-592-5555 every Monday between the hours of 8:30 a.m. and 6:30 p.m. to check in.~~

2. _NH_ During the term of the bond(s) you may not leave the county of your residence, the State of Texas, or the United States without prior express permission of Bad Boy Bail Bonds.

3. _NH_ You must notify Bad Boy Bail Bonds within 4 hours of any changes in your employment, home address, or phone numbers during the term of the bond(s).

4. ~~You must pay $200 every Month to Bad Boy Bail Bonds until your account is paid in full. Total fee $1,500~~ 10-14 at 5 pm

5. _NH_ A representative of Bad Boy Bail Bonds may, at anytime contact you by phone or in person, at home or your place of employment during the term of the bond(s).

6. _NH_ Failing to comply with the above regulations, providing false information, or being arrested placed under arrest during the terms of the bond(s) is grounds for Snoddy Bail Bonds to request to be released from the bond(s) and warrant(s) being issued for your arrest. Bad Boy Bail Bonds shall not return any collateral/security if the bond(s) are released under these circumstances.

7. _NH_ Bond Jumping is a criminal offense. You may be charged with Bond Jumping if you fail to appear in court as required during the term of the bond(s). Bad Boy Bail Bonds will not return any collateral/security if you fail to appear in court as required.

8. _NH_ I understand the requirements set forth above and I, _Nicholas G. Heintz_, hereby authorize Bad Boy Bail Bonds or it's representatives to contact, investigate, and/or obtain information from my employer(s), credit references, medical facilities, and/or Credit Bureaus for a period of 2 years from the date of this document to insure my appearance in court.

_____          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
Principal                                   SSN

_____          10-20-14
Agent, Bad Boy Bail Bonds                   Date

EXHIBIT "F"

CAUSE NO.: 14-2624-A

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 7ᵀᴴ JUDICIAL DISTRICT |
| | § | |
| vs. | § | COURT OF |
| | § | |
| NICHOLAS HEINTZ | § | SMITH COUNTY, TEXAS |

## ORDER
## WRIT OF HABEAS CORPUS FOR
## MOTION TO MODIFY CONDITIONS OF BOND

On _10th_ day of _November_, 2014, came on to be heard the Defendant's Motion to Modify Conditions of Bond and the Court is of the opinion of said motion should be GRANTED/DENIED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Defendant be allowed to have contact with his son Jarred Heintz.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Defendant be allowed to travel within Texas, Louisiana, Arkansas and Oklahoma as it pertains to his employment with Career Trucking School, Inc., *subject to obtaining travel permit from Pre-Trial Supervision*

Signed this _10th_ day of _November_, 2014.

_____
JUDGE PRESIDING

EXHIBIT "G"

FILED

JAN 30 2015

CAUSE NO. <u>UNINDICTED</u>

THE STATE OF TEXAS     §      IN THE 7TH JUDICIAL DISTRICT

V.           §      DISTRICT COURT IN AND FOR

NICHOLAS HEINTZ      §      SMITH COUNTY, TEXAS

## <u>ORDER ON MOTION ELIMINATING OR AMENDING SPECIAL CONDITIONS OF BOND</u>

On this the _30th_ day of _January_, 2015 came to be heard the Defendant's Motion to Eliminate or Amending Special Conditions of Bond.

IT IS THEREFORE ORDERED that the following changes be made to Special Conditions of Bond:

### <u>SPECIAL CONDITION OF BOND NO. 1:</u>

( ✓ ) _amended_ to allow Defendant to have contact with his ~~~~ child only. _Jarred Heintz_

( ✓ ) amended Special Condition No. 1 as follows:

_However, D must comply w/ Condition #1 for all other minor children._

( )         all relief is denied to which the Defendant shall comply with.

### <u>SPECIAL CONDITION OF BOND NO. 12:</u>

( ✓ ) to allow Defendant to submit to testing on a **MONTHLY** for the presence of a controlled substance in the Defendant's body. The Defendant is ordered to report to the Smith County Community Adult Probation Department located at the Smith County Office Building in Tyler, Texas _immediately_ and submit to a test on a ~~RANDOM~~ basis for the presence of a controlled substance in the Defendant's body. If the Defendant fails to report and/or submit to such testing for controlled substance or the test indicates the presence of a controlled substance in the

Defendant's body, the Court may order ex-parte that this bond be revoked and order the Defendant arrested and a new bond set by the Court. The Court orders that the Cost of such testing be paid by the Defendant prior to testing.

(     ) amended Special Condition No. 12 as follows:

_____

_____

_____

(     )     all relief is denied to which the Defendant shall comply with.

SIGNED AND ENTERED on this the __30__ day of __January__, 2015

JUDGE PRESIDING

EXHIBIT "H"

12 February 2015

Nicholas G. Heintz
22544 Hickory Lane
Mineola, TX 75773

James W. Huggler, Jr.
Attorney at Law
First Place Building
100 East Ferguson, Suite 805
Tyler, TX 75702

    Re: Presumption of Innocence
    as it relates to Nicholas G. Heintz,
    Cause No. 14-2624-A

Dear Jim,

  Upon my arrest on 2 October 2014, for the Felony offense of Fail To Comply with Sex Offender Registration, I immediately informed the arresting officers that I was not required to register under Texas law; that the Texas Department of Public Safety

(TXDPS) in Austin had made this determination two (2) years ago; that I had it in writing and could produce the document, if allowed to do so. All to no avail. _See_ enclosed copy of 1 November 2012 email response of Eddie Contreras, TXDPS Sex Offender Registration Bureau.

Despite my protestations, I was removed from my home; taken away in handcuffs from my family and booked into the Smith County Jail, with a surety bond set at $500,000. Where the following morning I stood as an inmate before a Magistrate to hear the official reading of the charge against me and reminded by the Magistrate that I am "innocent until proven guilty."

Notwithstanding the assured presumption of innocence, twelve (12) days hence, on 14 October 2014, two (2) of the arresting officers, a Smith County Detective James Riggle and Deputy Jerilynn Scott, appeared at the jail with instructions that I was to accompany

2

them to the Sheriff's Office to "be registered." My objections were unheeded. I was told I had no choice; that I had to come with them to register.

Upon completion of the registration process, Detective Riggle stated that the registration documents would be "shredded" if I were to provide verification from Austin (DPS) that I am not required to register. How was I to do this then, as an inmate, from a jail cell? Both attorney Kelly Pace and you, sir, were made aware of the foregoing offer; however, to my knowledge neither of you acted on it. An understandable determination at that stage, in that it is not our (defense's) burden to prove my innocence.

No evidence has been provided to constitute probable cause to believe that I have committed a crime. I remain unindicted (4 months following my arrest) — untried and unconvicted. I am innocent! Yet, it is obvious that from the commencement

3

of the investigation, the afore-named officers of Smith County Sheriff's Department have egregiously disregarded my constitutionally protected presumption of innocence.

Such a practice flies in the face of Due Process of Law. "While use of the particular phrase presumption of innocence or any other form of words may not be constitutionally mandated the Due Process Clause of U.S. Const. amend. XIV must be held to safeguard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt" (emphasis mine). Taylor v. Kentucky, 436 U.S. 478, 98 S. Ct. 1930, 56 L. Ed 2d 468, 1978. "One accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion . . . or other circumstances not adduced as proof at trial." (Id, at 469) (emphasis mine).

4

"Other circumstances": "Per the attorney in Austin you are required to register in the State of Texas for the offense / conviction from the State of Utah under the name of Nicholas Barnes." See enclosed copy of 19 November 2014 email response from Deputy Scott. Based solely on this unsubstantiated premise the Smith County Sheriff's Department has not only charged me with allegedly having failed to register; said "law enforcement" agency has already tried, convicted and sentenced me — to life-time registration as a sex offender. See enclosed copy of Pre-Release Notification Form Texas Sex Offender Registration Program.

Article 62.053 of the Texas Code of Criminal Procedure: "(a) Before a person who will be subject to registration under this chapter is due to be released . . ." (emphasis mine) that person must comply with a number of sex offender registration

requirements, I am not currently nor will I ever be subject to registration in Texas for the 1984 conviction in Utah.

The statutory period requiring registration for the Utah conviction expired on 23 November 2009. See. enclosed copy of Utah Sex Offender Registration status. Moreover, referring back to the Texas Code of Criminal Procedure, Art. 62.052(b) "The duty to register for an extrajurisdictional registrant expires on the date the person's duty to register would expire under the laws of the other state. . . ."

Therefore, the instant case against me for allegedly having failed to register here in Smith County Texas should be considered a malicious prosecution. Especially in view of the fact that the Sheriff's Department is treating me as though I am guilty of the offense charged by requiring registration without Indictment and without

6

a guilty verdict having been obtained by a trier of fact.

In lieu of my personally having to impose upon the court for a ruling, having knowledge of the foregoing facts, it is your duty, Jim, as my defense attorney (as you so eloquently put it) to bring such a matter as this injustice to the court's attention and move the court to enter an order of dismissal, forthwith. I trust you will draft and profer the appropriate pleading without further delay.

Thank you.

Sincerely,

Enclosures

P.S. Please know, my health has deteriorated to the point where I can no longer work, until such t. full recovery is achieved. See enclosed copy of my 12 February 2015 email relating this info. to Deputy Scott.

7

EXHIBIT "I"

Texas Health and
Human Services Commission

# MEDICAL RELEASE/PHYSICIAN'S STATEMENT



## SECTION I - TO BE COMPLETED BY STAFF

| Name of Patient | Date of Birth | Social Security No. |
|---|---|---|
| Nicholas G Heintz | 12/05/1953 | 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 |

| Case Name(caregiver) | Case No. | Patient's Usual Job |
|---|---|---|
| Nicholas G Heintz | 1020258362 | |

HHSC Office Address/Mail Code/FAX No.

PO Box 15100 Midland TX 79711-5100 Fax: 1-877-447-2839

## SECTION II - TO BE COMPLETED BY PHYSICIAN

**The patient named above has applied for benefits with our agency. Federal and state regulations require that persons receiving benefits work or participate in activities to prepare them for work unless they are physically or mentally incapable of working. This patient claims that disability. Please complete the appropriate parts. After you complete the form, you may give it to the client or mail it to HHSC at the address in Section 1.**

### PART A - DISABILITY:

To what extent is the individual able to work or participate in activities to prepare for work? Please **check one** of the following boxes:

1) The individual is able to work, or participate in activities to prepare for work, **without restrictions**:

   a) ☐ Full time (40 hours/week)

   b) ☐ **Part time at ____ hours/week**

2) The individual is able to work, or participate in activities to prepare for work, **with restrictions: (Please complete Part B and C)**

   a) ☐ Full time (40 hours/week)

   b) ☐ **Part time at ____ hours/week**

3) The individual is unable to work, or participate in activities to prepare for work, at all: **(Please complete Part C)**

   a) ☒ The disability is permanent.

   b) ☐ The disability is not permanent and is expected to last more than 6 months.

   c) ☐ The disability is not permanent and is expected to last 6 months or less.

### PART B - TANF HARDSHIP

What can this individual do now? Check the appropriate boxes that are applicable during a workday:

| Maximum hours per workday: | 2 | 4 | 6 | 8 | Other |
|---|---|---|---|---|---|
| Sitting | ☐ | ☐ | ☐ | ☐ | ☐ |
| Standing | ☐ | ☐ | ☐ | ☐ | ☐ |
| Walking | ☐ | ☐ | ☐ | ☐ | ☐ |
| Climbing stairs/ladders | ☐ | ☐ | ☐ | ☐ | ☐ |
| Kneeling/Squatting | ☐ | ☐ | ☐ | ☐ | ☐ |
| Bending/Stooping | ☐ | ☐ | ☐ | ☐ | ☐ |
| Pushing/Pulling | ☐ | ☐ | ☐ | ☐ | ☐ |
| Keyboarding | ☐ | ☐ | ☐ | ☐ | ☐ |
| Lifting/Carrying | ☐ | ☐ | ☐ | ☐ | ☐ |
| Other (please describe) | | | | | |



The individual may not lift/carry objects more than_____ lbs. for more than_____hours per day.
Individuals with employment limitations may still be assigned to complete community work in an office environment with little physical strain or demand (answering phones, filing while seated, etc.) Others may be assigned to complete employment-related activities in a classroom setting. In your opinion, can this individual participate in activities of this nature?

☐ Yes   ☐ No

Any other remarks, recommendations or restrictions? _____

_____

## PART C - DIAGNOSIS

| Primary disabling diagnosis | Secondary disabling diagnosis |
|---|---|
| *Valvular heart disease* | *low back pain* |

Comments: *Has had heart valve replacement*

| Name of Physician(please type or print) | Physicians License No. | Signature-Physician | Date |
|---|---|---|---|
| *Roger N Power* | *61009* | | *3/2/15* |

| Office Address (Street or P.O. Box, City, State, ZIP) | Telephone No. (Include Area Code) |
|---|---|
| *3203 S MAIN ST  LINDALE TX 75771* | *903-266-4050* |





# AUTHORIZATION TO RELEASE MEDICAL INFORMATION
## AUTORIZACIÓN PARA DIVULGAR INFORMACIÓN MÉDICA

**Case Number** / Num. de Caso: 1020258362

## SECTION III - TO BE COMPLETED BY CLIENT/SECCIÓN III, EL CLIENTE DEBE LLENAR ESTA SECCIÓN

**Patient's Name**/Nombre del paciente: Nicholas G Heintz

**HHSC is requesting verification of the medical condition that prevents you from participating in the employment services program. When you sign this authorization, you are giving HHSC permission to contact your doctors, medical facilities, or other health care providers to request copies of your health information as indicated below. You do not have to sign this form to be eligible for TANF, Food Stamps, or Medicaid. However, you must sign this form if you want to be eligible for an exemption from the employment services program.**

HHSC necesita verificación sobre el padecimiento médico que le impide participar en el programa de sevicios de empleo. Cuando firme esta autorización, le dará permiso a la HHSC para comunicarse con su doctor, centros médicos u otros proveedores de atención médica para pedir copias de su información médica como se indica más adelante. No necesita firmar esta forma para llenar los requisitos para TANF, estampillas para comida o Medicaid. Sin embargo, es necesario que firme esta forma si desea llenar los requisitos para uno exención del programa de servicios de empleo.

**I authorize/** Yo autorizo a ___Roger N. Fowler, MD___

                **Doctor, Medical Facilities, or other Health Care Providers**

                Doctor, centro médico u otro proveedor de atención médica

**To complete Form H1836-A, Medical Release/Physician's Statement, and release the information to HHSC and the Texas Workforce Commission for purposes of verifying the medical condition that prevents me from participating fully in the employment services program.**

Para llenar la Forma H1836-A, *Medical Release/Physician's Statement* , y poner la información a disposición de la HHSC y de la Comisión Laboral de Texas para verificar el padecimiento médico que me impide participar completamente en el programa de servicios de empleo.

**This authorization expires on /** Esta autorización se vence el: _____

_____      *25 Feb, 2015*

**Client or Personal Representative's Signature /**        **Date/**

Firma del Cliente o del Representate personal        Fecha

**If you are signing for the client, please describe your authority to act for the client:**

Si usted va a firmar por el cliente, por favor, describa la autoridad que tiene para actuar en nombre de él:

_____

_____

_____

| | |
|---|---|
| **Witness /**Testigo | **Date/**Fecha |
| **Witness /**Testigo | **Date/**Fecha |

### Notice to Client

**HHSC, as receiver of this information, will protect your personal health information in accordance with federal and state privacy regulations. If you authorize release of your health information to other parties it may no longer be protected by privacy regulations. You can withdraw permission you have given your doctor or health care provider to use or disclose health information that identifies you, unless they have already taken action based on your permission. You must withdraw your permission in writing.**

### Notice to Client

El HHSC, como destinataria de esta información, protegerá su información médica personal conforme a las regulaciones estatales y federales del derecho a la vida privada. Si autoriza la divulgación de su información médica a terceros, es posible que ya no tenga la protección de las regulaciones del derecho a la vida privada.
Usted puede retirar el permiso q ue le haya dado a su doctor o al proveedor de atención médica para usar o divulgar información médica que lo identifique a usted, a menos que éste ya haya actuado de acuerdo con su permiso. Tiene que retirar su permiso por escrito.

**Form 1836-A**
**Page 3/08-2012**



T-1836A-0346763353

EXHIBIT "J"

13105 North Hohokam Road
Florence, Arizona 85132
6 July 2012

Vincent Castilleja
Texas Department of Public Safety
Post Office Box 4143
Austin, Texas 78765-4143

RECEIVED
TEXAS DPS

JUL 1 1 2012

CRIME
RECORDS SERVICE

Dear Sir,

My full name is Nicholas George Heintz. I was born in Santa Rosa, California on December 5, 1953. My Social Security number is 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; driver license D06047220, Arizona.

A review of my criminal record will reveal a couple of convictions from the mid-seventies for (unintended) "sex offenses." Consequently, now several decades hence and for the rest of my life, the State of Arizona (where I currently reside) requires that I register as a "sex offender."

My work will soon be taking me to the State of Texas. Prior to moving, however, I would like to know what the sex offender registration laws are in your state and how they would (if at all) apply to me specifically.

Your earliest response would be greatly appreciated.

Sincerely,

Nicholas G. Heintz

CC: personal file

EXHIBIT "K"

**Subject:** RE: Heintz,Nicholas.PDF

As a result of his term of supervision ending on10-14/81, this individual would not be required to register in Texas.

Eddie Contreras
TXDPS Sex Offender Registration Bureau

Training Specialist III
South Texas Representative

*Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.*

**To:** Contreras, Eddie
**Subject:** Heintz,Nicholas.PDF - Adobe Reader

Eddie,

Good Afternoon

Can you please tell if this subject is a Lifetime Registration or a Post 10 yrs...He is planning on moving to San Antonio.

Thanks

EXHIBIT "L"

You're seeing Basic Mail because you're using an unsupported Internet browser. Upgrade your browser or get the mobile app for the full Yahoo experience. Don't show this again.

Hemandez | Search Mail | Search Web | nicholas | Profile | [Go] Sign Out | Home

Sent | Contacts | Notepad | Calendar

Compose
Delete | Reply | Reply All | Forward | Actions | [Apply] Back to Search Results

Inbox (6201)

Drafts (56)

Sent

Spam (134) [Empty]

Trash (9) [Empty]

My Folders [Edit]

Sponsored



GreaterTexasHondaDealers
New 2014 Honda Accord Specials

The Hernandez Info - Hard to Find Public Records.

Sponsored

**N. G. Heintz**   Wednesday, November 14, 2012 1 23 PM

**From:** "nicholas heintz" <ngheintz@yahoo.com>

**To:** "shemandez@bexar.org" <shemandez@bexar.org>

Full Headers Printable View

Ms. Hernandez,

Please allow me describe the chronology of my Utah conviction record:

On December 5, 1983, under the name of Nicholas Vaughn Banner, I was arrested by the Salt Lake County Sheriff's Dept. on charges of Sexual Abuse of a Child, Count I, and Sodomy Upon A Child, Count II. Note: this is a contrived offense; it never actually occurred.

The case initially came to trial before a jury on Dec. 4 and 5, 1984, where I was found guilty on both counts as charged and sentenced to prison.

In April 1986, the Utah Supreme Court unanimously reversed the conviction and remanded the case to trial. **See**. *State v. Banner*, Utah, 717 P. 2d 1325 (1986).

The case was re-tried in June of 1986, before a jury, where I was once more found guilty of Count I, Sexual Abuse of a Child; however, found **not** guilty of Sodomy Upon a Child, Count II.

I expirated my term of imprisonment on November 23, 1999, and on that date was released. Per Utah law I was required to register during the sentence and for a period of ten (10) years after release. **See**. Utah Code of Criminal Procedure, Sec. 77-27-21.5 (9) (a) "Except as provided in Subsections (9) (B) and (c), a sex offender shall, for the duration of the sentence and for ten years after termination of sentence, register annually..."

The statutory period of registration ended on November 23, 2009.

This is the reason why the Arizona Notice of Registration you pulled up from the Internet that first day we spoke over the phone did not list the Utah conviction, because the registration requirement for that conviction had already been satisfied. It is a moot issue.

The same standard would also apply here in Texas. **See**. Texas Title 1. Code of Criminal Procedure, CHAPTER 62. Sex Offender Registration Program, Art. 62.052 (b) "The duty to register for an extrajurisdictional registrant expires on the day the person's duty to register would expire under the laws of the other state..."

I hope the foregoing information is helpful. I'll await to hear back from you once the authorities in Austin have had an opportunity to review the matter.

Please know I am not what my past record makes me out to be. I did have some issues over the death of my father when I was a boy of 11 that were inappropriately manifest as a young adult. That was a long time ago; I got through it, grew up and moved on with my life.

**Hernandez.PublicR**
**ecords.com**

I will be 59 next month. I want only to provide for myself and family the best way I know how. I am here in Texas to live and to work --- not here to commit crimes or cause any trouble at all.

Thanks again for your time and kind, fair-minded understanding.

Nick Heintz

Compose          Delete   Reply   Reply All   Forward   **Actions**          [ Apply ]   Back to Search Results

**Hernandez.PublicR**
**ecords.com**

EXHIBIT "M"

# UTAH STATE DEPARTMENT OF CORRECTIONS
**Gary R. Herbert, Governor, State of Utah**
**Thomas Patterson, Executive Director**

## UTAH SEX OFFENDER REGISTRATION PROGRAM
14717 Minuteman Drive, Draper, UT 84020     801-495-7700

---

**DATE: Thursday, 07/01/2010**

**FROM FAX NUMBER:** (801) 495-7719

**TO: Det. Tonya Quintana #1037** ███████████

**LOCATION: Eloy, AZ**

**FAX #:** ██████████

**FROM: SUSAN BROWN** ( 801) 495-7711

**LOCATION: Sex Offender Registration Program**

**NUMBER OF PAGES (Including this cover sheet):** 6

**RE: Nicholas Vaughn BANNER (DOB 12/05/1955)**

Attached is from our Sex Offender Website (www.corrections.utah.gov) left side, click on SONAR. Also a copy of our computer notes on trying to locate this offender.

FYI: EXPIRATION OF PRISON SENTENCE FOR HIS 1983 CONVICTION COURT CASE # 831916801 ON 11/23/1999 with a ten year registration requirement to 11/23/2009, however he has been NON COMPLIANT in UT since before 2005. These offender was convicted of sex crimes in CA in the 1970s and 1980 and in OR in 1977 under the name of Nicholas George HEINTZ, dob as 12/05/1953..received information from CA that the offender under the name of Nicholas G. HEINTZ, is required to register for LIFE as a sex offender in CA

Respectfully,
Susan Brown
Case Manager – Sex Offenders with last names A, B, or C
susanbrown@utah.gov

---

This facsimile may contain "PRIVATE," "PROTECTED," "CONTROLLED," or "CONFIDENTIAL." information intended only for the use of the addressee(s) named above. If you are not the intended recipient(s), you are hereby notified that any review, dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately at 801-495-7700 and destroy the original facsimile

Redacted Copy - L. McDermott 7-9-10             000008